[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13546
Non-Argument Calendar
_____

D.C. Docket No. 7:15-cv-00181-WLS

BEVERLY CONNEY-MANNING,

                                        Plaintiff-Appellant,

versus

THOMAS COUNTY BOARD OF COMMISSIONERS,
d.b.a Thomas County Sheriffs Office, et al.,

                                        Defendants,

SHERIFF CARLTON POWELL,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 12, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Beverly Conney-Manning appeals pro se from the district court's grant of summary judgment in favor of Defendant Carlton Powell on her claim of employment discrimination in violation of 42 U.S.C. § 2000e-2(a)(1). Conney-Manning contends the district court erred by determining she resigned her position voluntarily. After careful review,[1] we affirm.

Conney-Manning's brief on appeal fails to address the reasoning underlying the district court's conclusion that Conney-Manning resigned voluntarily. Instead, she argues in conclusory fashion only that "[i]t is factual and clear that *my thought process* according to prior and previous interactions with the Appellee lead [sic] me to believe that I was fired and chose resignation as a lesser consequence on my future career options." Br. of Appellant at 2 (emphasis added). Under our precedent, whether a resignation is involuntary does not depend on the employee's subjective view of the options available to her; it depends on an objective view of the facts. *See Hargray v. City of Hallandale*, 57 F.3d 1560, 1568 (11th Cir. 1995) ("[T]he assessment [of] whether real alternatives were offered is gauged by an

---

[1] "We review a district court's grant of summary judgment de novo, viewing the facts—as supported by the evidence in the record—and reasonable inferences from those facts in the light most favorable to the nonmoving party." *Young v. City of Palm Bay*, 358 F.3d 859, 860 (11th Cir. 2004).

objective standard rather than by the employee's purely subjective evaluation; that the employee may perceive his only option to be resignation . . . is irrelevant." (alterations in original) (quotation omitted)). Moreover, we have explained that "the mere fact that the [employee is given a choice] between comparably unpleasant alternatives . . . does not of itself establish that a resignation was induced by duress or coercion, [and] hence was involuntary." *Id.* (second alteration in original) (quotation omitted). On the contrary, "[r]esignations obtained in cases where an employee [wa]s faced with [the] unpleasant alternatives" of resigning or facing a possible termination are nonetheless voluntary because the employee could have chosen to "stand pat and fight." *Id.* (quotation omitted).

Here, the evidence objectively demonstrates Conney-Manning offered to resign rather than continue her appeal and run the risk that a termination might appear on her employment record. Whether she subjectively believed that was her only option because she concluded the appeal would not resolve in her favor is irrelevant. Under our precedent, the district court did not err in determining there was no genuine issue of material fact as to whether Conney-Manning's resignation was voluntary.

To the extent Conney-Manning wishes to challenge the significance of that conclusion—or any other aspect of the district court's opinion—she presents no

argument.  We construe pro se briefs liberally, but any "issues not briefed on appeal by a pro se litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (emphasis removed).  Similarly, we decline to consider (or speculate as to any arguments based on) documents Conney-Manning included in her appendix but did not present to the district court.  Conney-Manning offers no explanation for why her counsel[2] failed to present those documents to the district court in the first instance, and she offers no reason why we should consider them for the first time on appeal.  *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004); *Shahar v. Bowers*, 120 F.3d 211, 212 (11th Cir. 1997) (en banc).  We therefore affirm the judgment of the district court.

**AFFIRMED**.

---

[2] Although she filed this appeal pro se, Conney-Manning was represented by counsel before the district court.